Mr. Justice Field
delivered the opinion of the court:
The question originally involved in this case, and decided at the October term of 1876, was whether the provision contained in the land grant to the company, that its road should be a public highway for the use of the Government of the United States, free from all toll or other charge for the transportation of its property and troops, not only entitled.it to the free use of the road, but also to have the transportation made by the company without charge. The company claimed that the use of the road was all that could be required of it. The Government, insisting ■that it was also entitled to have such transportation without charge, refused compensation therefor, and referred the matter to the Court of Claims for determination. That court estimated the cost of the transportation according to the ordinary tariff rates of the road with other parties for similar services after making a deduction of one-third from the rates. This deduction liad been deemed by the War Department, upon careful con *568 sideration, to be tbe equivalent of any toll or charge for tbe use of tbe road itself, and upon that basis tbe services bad been: rendered. But tbe judges of tbe Court of Claims, being equally-divided upon tbe question of tbe liability of tbe United States-to make any compensation, gave judgment pro forma in tbeir favor against tbe company. On appeal, tbis court reversed the-judgment, bolding that tbe Government was entitled only to the free use of tbe road, and that compensation must be made for tbe transportation, with a fair deduction for such use. Tbe case was accordingly remanded, with directions to enter a new decree^ awarding compensation with such deduction.
On the return of tbe case to tbe court below tbe claimant moved for judgment for tbe amount previously found according to tbe ordinary tariff rates, less tbe deduction of one-third,, as established by tbe War Department. By agreement of tbe parties such judgment was entered, tbe Government reserving-tbe right to show that a judgment for that amount was not required by tbe mandate of tbis court, and, if it should be so decided, to try tbe question as to what was a fair deduction.
On tbe subsequent bearing of tbe point reserved, which was-bad upon a motion to set aside tbe judgment, tbe opinions of eminent “railroad experts” were read, by stipulation of tbe parties, to show what would be a fair deduction from tbe ordinary tariff rates for tbe use of tbe road. There would seem to-have been some difference of opinion among the experts, but tbeir evidence failed to show, in tbe opinion of tbe court, that, tbe reduction agreed upon between tbe parties and tbe War Department was not a fair one. On tbe trial of tbe case it was-not pretended by the claimant that tbe amount was arbitrarily fixed or that it was illegal or oppressive,'or by tbe Government that any greater deduction should have been made. Nor was tbe authority of tbe War Department to make an arrangement of tbis kind questioned, if under tbe law tbe Government was liable for tbe transportation. If such authority do not now exist, as contended, under tbe subsequent legislation of Congress — and upon which point we express no opinion — there can be no doubt of its existence when tbe services were rendered for which compensation is claimed here.
We are of opinion that tbe mandate of tbis court Avas fully complied with by tbe Court of Claims, and its judgment is. therefore affirmed.